

## Case No. 7,010.

ILLIUS v. NEW YORK & N. H. R. CO.

[43 Hunt, Mer. Mag. 586.]

Circuit Court, S. D. New York. Sept. 14, 1860.

NELSON, Circuit Justice. The question in this case is whether the defendants are responsible for the spurious certificates of stock issued by Schuyler, the president of the company, and transfer agent of the stock, which certificates have passed into the hands of a bona fide holder for value. The question has been twice before the court of appeals of this state, and, after a very full and able examination, has been determined in the negative. Mechanics' Bank v. New York & N. H. R. Co., 3 Kern. [13 N. Y.] 599, and New York & N. H. R. Co. v. Schuyler, 17 N. Y. 592. The action in the first case was founded on one of these certificates, and presented the question, directly, raised in the present case upon the demurrers. It was also necessarily involved in the second case, and the principle of the first again affirmed. According to our view of the practice of the federal courts in similar and analogous cases, these courts follow the decisions of the highest state judicial tribunal, the question involved being one essentially of local law; and without, therefore, expressing any opinion upon the law of the case, we shall, in pursuance of the decision in the cases above referred to, direct judgment to be entered upon the demurrers in favor of the defendants.

## Case No. 7,011.

IMHAEUSER v. BUERK.

[Cited in Parks v. Booth, 102 U. S. 96. See 101 U. S. 647.]

## Case No. 7,012.

IMLAY v. NORWICH & W. R. CO.

[4 Blatchf. 227; 1 Fish. Pat. Cas. 340.][1]

Circuit Court, D. Connecticut. Oct., 1858.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 4 Blatchf. 227, and the statement is from 1 Fish. Pat. Cas. 340.]